IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KRISTOPHER MILLER, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:20-CV-009-O |
| | § | (NO. 4:18-CR-006-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Kristopher Miller, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:18-CR-006-O, styled "United States v. Colton Bigham, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On January 16, 2018, movant was named along with others in a three-count information charging him in count three with possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). CR Doc.[1] 141. On January 17, 2018, movant and his attorney, Carolyn A. Hill ("Hill"), signed a factual resume setting forth the maximum penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense charged. CR Doc. 161. Movant and Hill also

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-006-O.

signed a waiver of indictment. CR Doc. 162. On January 24, 2018, movant entered a plea of guilty. CR Doc. 199. He and Hill signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 200.

At the arraignment, movant testified under oath that: He understood that he should never depend or rely upon any promise or statement by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force, or coercion of any kind; he had discussed with Hill the charges against him, the matter of sentencing, and how the sentencing guidelines might apply in his case; the Court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been completed; he committed the essential elements as set out in the factual resume; he was fully satisfied with the representation and advice he received from Hill; no one had made any promise or assurance of any kind to him in an effort to induce him to enter a plea of guilty; no one had mentally, physically, or in any other way attempted to force him to plead guilty; he understood that he faced a term of imprisonment of at least five years and not more than 40 years and that if the sentence he received was more severe than expected, he would still be bound by his plea and would not be able to withdraw it; and, all of the facts stated in his factual resume were true and correct. The magistrate judge found that the plea was knowing and voluntary. CR Doc. 461. He signed a report of action and recommendation finding that movant's plea was knowing and voluntary and recommending that it be accepted. CR Doc. 201.

On February 7, 2018, movant filed a motion to substitute Michael Levine ("Levine"), an attorney he retained, in place of Hill, who had been appointed to represent him. CR Doc. 220.

2

Movant also filed an unopposed motion to extend time in which to file objections to the report of action and recommendation on plea of United States Magistrate Judge. CR Doc. 221. The motion stated, in pertinent part:

> Counsel respectfully submits that there exists considerations that potentially bear upon the requisites of Defendant's plea as *knowingly* and *voluntarily* entered into. These considerations, should they ripen into fruition, would implicate the fundamental precepts of both due process as well as contravene the procedural safeguards with which Fed. R. Crim. Pro. 11 is concerned. In short, Defendant's plea *could be* subject to withdrawal.

*Id.* ¶ 6 (emphasis in original). The motion made clear that its purpose was to resolve the questions regarding the plea "with certainty." *Id.* ¶ 7. In particular, Levine represented that the requested extension would

> actually serve to expedite the disposition of the case – regardless of the manner in which Defendant proceeds – by addressing any potential issues at the appropriate time, and by affording the Defendant – and for that matter, all parties involved – the certainty that will accrue subsequent to the efforts made during these additional five days.

*Id.* ¶ 9. The Court granted the motion to substitute counsel, CR Doc. 222, and the motion for extension of time. CR Doc. 223. No objections were filed and the Court accepted the report and recommendation regarding guilty plea. CR Doc. 235.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR Doc. 247, ¶ 34. He received a two-level adjustment for possession of firearms, *id.* ¶ 35, and a two-level adjustment for maintaining a drug premises. *Id.* ¶ 36. Based on a total offense level of 36 and a criminal history category of VI, movant's guideline imprisonment range was 324 to 405 months. *Id.* ¶ 83. The PSR also noted factors that might warrant a departure, *id.* ¶¶ 98-99, or a sentence outside the advisory guideline range. *Id.* ¶ 100. Later, the probation officer prepared an addendum to the PSR, noting that movant should receive an adjustment for acceptance of

responsibility. Based on the newly calculated total offense level of 33, movant's guideline imprisonment range became 235 to 293 months. CR Doc. 380. Levine filed a sentencing memorandum on movant's behalf, noting that movant had taken an "immensely significant step towards a change in course by his recent cooperation with the Government." CR Doc. 436. He compared movant's conduct to that of other conspirators and urged that a more lenient sentence would be appropriate. *Id.*

The Court sentenced movant to a term of imprisonment of 235 months. CR Doc. 438. In doing so, the undersigned noted the benefit movant had received in connection with his plea. CR Doc. 456 at 10. Movant appealed. CR Doc. 440. The appeal was dismissed on motion by movant. CR Doc. 443.

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion, worded as follows:

**GROUND ONE:** Counsel's Erroneous Advice Resulted in Miller Entering An Unknowing And Involuntary Guilty Plea

Doc.[2] 1 at PageID[3] 4.

**GROUND TWO:** Counsel Was Ineffective For Failing To File A Motion To Withdraw Miller's Guilty Plea At Miller's Request

*Id.* at PageID 5.

**GROUND THREE:** Sentencing Counsel Was Ineffective For Failing To Make Meritorious Objections To The PSR

*Id.* at PageID 6.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten number on the form motion is not the actual page number and because movant has attached to the typewritten form a memorandum with separate page numbers.

4

>    **GROUND FOUR:**  Sentencing Counsel Labored Under An Actual Conflict Of Interest

*Id.* at PageID 8.

The motion is supported by a memorandum, which has attached to it an unsigned purported declaration. Doc. 1 at PageID 33–35. A signed document was filed January 21, 2020. Doc. 4. The document is not a declaration as it is made "to the best of [movant's] knowledge, information and belief." 28 U.S.C. § 1746. Even had the document been properly executed, the statements made therein are largely conclusory and, for the reasons discussed *infra*, insufficient to give rise to the need for a hearing.[4] *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013).

### III.  APPLICABLE LEGAL STANDARDS

#### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v.*

---

[4] Contrary to the position taken by movant in his reply, Doc. 12, the burden is not on the government to disprove movant's allegations regarding ineffective assistance of counsel. *Premo v. Moore*, 562 U.S. 115, 121–22 (2011).

*Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory

allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first ground, movant argues that Hill's erroneous advice resulted in movant's entering into an unknowing and involuntary plea. Doc. 1 at PageID 17–21. He alleges that Hill told him he would be "looking at a sentence of 121 months" and that because he was not charged with conspiracy or aiding and abetting, he "would not be enhanced with relevant conduct of others involved in the case." Doc. 4 at PageID 44–45. Even if true, what movant says does not vitiate his plea. A plea is not rendered involuntary because of an erroneous estimate by counsel of the length of sentence. *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir. 2002), *abrogated on other grounds*, *Glover v. United States*, 531 U.S. 198 (2005); *Beckham v. Wainwright*, 639 F.2d 262, 265 (5th Cir. 1981). A prediction, prognosis, or statement of probabilities does not constitute an actual promise. *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Any contention that movant's plea was not knowing and voluntary is belied by the record. Movant testified under oath that he understood that he should never depend or rely upon any statement or promise as to what penalty would be assessed against him; that he understood his guideline range could not be determined until the PSR was prepared; and that the Court could take into account facts other than the stipulated facts and that movant would not have a right to withdraw his plea if his sentence was more severe than he anticipated. CR Doc. 461. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with

representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of an eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." *Id.* "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). Other than his conclusory allegation to the contrary, he has made no attempt to show otherwise. And, he could not show prejudice, as there is no reason outside movant's *ipse dixit* to believe that he would have insisted on going to trial but for Hill's representations.[5] *Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

In support of his second ground, movant argues that Levine was ineffective for failing to file a motion to withdraw the guilty plea. Doc. 1 at PageID 21–23. Movant says that "it was understood that [he] would ask to withdraw [his] guilty plea and proceed to trial." Doc. 4 at PageID 45. He refers to Levine's employment agreement as proof. *Id*. He says that he requested Levine to file a motion, but Levine failed to do so. *Id.* at PageID 46.

---

[5] *See* discussion *infra*.

8

The record does not support movant's contentions. Rather, it reflects that when Levine was hired, he wanted to determine for himself whether there was a reason to file a motion to withdraw the plea. "In short, Defendant's plea *could be* subject to withdrawal." CR Doc. 221, ¶ 6. As further explained in paragraphs 7 and 9 of the motion for extension of time to file objections to the magistrate judge's recommendation that the plea be accepted, Levine represented that giving him time to assess the matter of whether the plea was knowing and voluntary would allow the matter to be resolved with certainty for all time. CR Doc. 221. That Levine did not file a motion to withdraw the plea reflects that there was no basis for doing so. His employment agreement certainly did not say he would file such a motion. Rather, it simply reflects that if the case was set for trial or any contested hearing, movant would pay an additional fee. Doc. 4 at PageID 48. The record further reflects that after Levine became movant's counsel, movant demonstrated that he should be entitled to, and received credit for, acceptance of responsibility. CR Doc. 380. As Levine noted in his sentencing memorandum, movant had taken an "immensely significant step towards a change in course by his recent cooperation with the Government." CR Doc. 436. At sentencing, movant apologized and expressed remorse. CR Doc. 443.

Even if there had been a basis for filing a motion to withdraw the guilty plea, and there was not, movant has made no attempt to show that he was prejudiced. At no time has he asserted his innocence or set forth a viable defense to the charge against him. A defendant has no absolute right to withdraw a guilty plea prior to imposition of sentence.[6] *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). Rather, he must demonstrate "a fair and just reason" for withdrawing the plea.

---

[6] Movant's reliance on *United States v. Ocanas*, 628 F.2d 353 (5th Cir. 1980), is misplaced. *See United States v. Grant*, 117 F.3d 788, 791 n.4 (5th Cir. 1997)(noting that *Ocanas* was contrary to another Fifth Circuit case and undermined by *United States v. Hyde*, 520 U.S. 670 (1997).

*United States v. McKnight*, 570 F.3d 641, 645–46 (5th Cir. 2009). In determining whether to allow withdrawal of a plea, the Court considers: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice by the withdrawal; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available at the time of the guilty plea; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343–44. Here, as stated, he does not proclaim his innocence. He has not made any attempt to show that he could meet any of the factors.

In support of his third ground, movant argues that Levine was ineffective in failing to make meritorious objections to the PSR. Doc. 1 at PageID 24–26. He cites to a two-page letter signed by Eric. J. Holden on behalf of Behavioral Measures & Forensic Services Southwest, Inc., regarding a polygraph examination of movant conducted July 30, 2018. Doc. 1 at PageID 31–32. The document is not referenced in the purported declaration of movant or otherwise authenticated in any manner. But, even accepting the authenticity of the letter and movant's conclusion that it establishes that he did not personally sell Stephen Lee a half-pound or more of methamphetamine and did not personally hold in his hands or physically possess at his shop a pound or more of methamphetamine, discounting such amounts of methamphetamine would not have changed movant's guideline sentencing range.[7] Doc. 9 at 11. Again, the only reasonable conclusion to be drawn by Levine's failure to raise the polygraph test is that he determined that quibbling about an amount of drugs that would not have made any difference was the sort of thing the Court might

---

[7] Movant does not dispute this. Instead, he speculates that he might not have lost acceptance of responsibility had he pursued the objection. Doc. 12 at 6.

10

view negatively. Movant's speculation that he might not have lost acceptance of responsibility for contesting these amounts is insufficient to raise a genuine issue for hearing.

In support of his fourth ground, movant argues that Levine labored under an actual conflict of interest because he also represented Jade Ann Kuhn ("Kuhn"), a defendant in a related case, No. 4:17-CR-195-Y. Doc. 1 at PageID 27–29. Movant accurately cites to *Cuyler v. Sullivan*, 446 U.S. 335 (1980), for the proposition that one who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice. However, he conveniently overlooks that "until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Id.*, 446 U.S. at 350. To show a Sixth Amendment violation, movant had to show that his attorney acted under the influence of an actual conflict and that such conflict adversely affected movant's representation. *United States v. Culverhouse*, 507 F.3d 888, 892 (5th Cir. 2007). A theoretical or speculative conflict is not enough; movant must show that counsel was required to make a choice advancing his own interests or the interests of his other client to movant's detriment. *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006); *Beets v. Collins*, 986 F.2d 1478, 1486 (5th Cir. 1993). If counsel did not make a choice, the conflict remains hypothetical. *Garcia-Jasso*, 472 F.3d at 243.

Movant has not shown an actual conflict. But, even if he had, movant fails to identify in the record places where Levine actually chose between alternative courses of action, such as eliciting (or failing to elicit) evidence helpful to one client and harmful to the other.[8] *Perillo v. Johnson*, 79 F.3d 441, 447–48 (5th Cir. 1996). Movant simply says that the PSR lists Kuhn's case

---

[8]This, despite recognizing the need to give record citations. Doc. 1 at PageID 28 (citing *United States v. Burraston*, 178 F. Supp. 2d 730, 735 (W.D. Tex. 2002).

11

as a related case.[9] Doc. 1 at PageID 27. He also says that "Kuhn is also mentioned several times" in his PSR. *Id*. Actually, Kuhn is mentioned only one other time, where she is described as being a source of supply of movant's co-defendant Lee. CR Doc. 247, ¶ 12. The PSR nowhere says that Kuhn and movant were commonly involved in any transactions.[10] Movant's speculation that Levine's failure to move for withdrawal of the guilty plea and failure to make meritorious objections to the PSR "were a direct result of counsel's conflict of interest in representing Kuhn in the related case" is insufficient to entitle him to a hearing. *Clark v. Blackburn*, 619 F.2d 431, 434 (5th Cir. 1980).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 23rd day of February, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[9] The note in the PSR reflects that, at that time, Kuhn had already been sentenced. CR Doc. 247, ¶ 2.
[10] In fact, Kuhn is not described as a member of the conspiracy. But even if she was, the PSR points out that not every person in the conspiracy knew every other person. CR Doc. 247, ¶ 13.

12